IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHESTER PAUL BROWN,

        Plaintiff,

    v.

BILL BEERS, d.b.a., former "SCCI"
Superintendent; MAX WILLIAMS, d.b.a.,
Director of ODOC; TWO UNKNOWN "SCCI"
CORRECTIONS OFFICERS; ONE
UNKNOWN "SCCI" MEDICAL STAFF,
and THE STATE OF OREGON,

        Defendants.

Civil No. 06-1163-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges Defendant Beers ordered two unknown correctional officers and a medical staff person to collect DNA samples from Plaintiff when Plaintiff was incarcerated at Shutter Creek Correctional Facility in 2002. The DNA sampled retrieved from Plaintiff apparently matched samples obtained from a rape victim, and on April 23, 2004, Plaintiff was found guilty of Rape in the First Degree. Plaintiff appealed his conviction, and the appeal remains pending in the Oregon courts.

Plaintiff alleges the forced extraction of his DNA sample violated his right to be free from unlawful search and seizure under the Fourth Amendment. Plaintiff also alleges the lengthy appeal process violates his right to be free from cruel and unusual punishment, and constitutes double jeopardy.

By way of remedy, Plaintiff seeks an order requiring the removal of Plaintiff's DNA from all databases, releasing Plaintiff from custody, removing and consolidating in federal court Plaintiff's appeals, and money damages.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

2 - ORDER TO DISMISS -

>    (B)   the action . . .
>
>> (i)   is frivolous or malicious;
>>
>> (ii)  fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

3 - ORDER TO DISMISS -

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056 (1990).

**I.   Fourth Amendment Search and Seizure**

Oregon law requires a biological sample for DNA identification analysis to be collected from every person convicted of a felony. Or. Rev. Stat. § 137.076. Every other state in the country, as well as the federal government, has also adopted a DNA collection statute. *See Green v. Berge*, 354 F.3d 675, 676 (7th Cir. 2004).

4 - ORDER TO DISMISS -

Convicted criminals have challenged the constitutionality of these statutes in state and federal courts throughout the country, and virtually every DNA collection statute has been upheld against Fourth Amendment challenges. *See United States v. Kincade*, 379 F.3d 813, 830-31 (9th Cir. 2004) (collecting cases), *cert. denied*, 544 U.S. 924 (2005); *see also Green*, 354 F.3d at 677 (noting that state and federal courts that have addressed validity of DNA collection statutes "are almost unanimous in holding that these statutes do not violate the Fourth Amendment). The Oregon Court of Appeals upheld the Oregon DNA collection statute, finding a search pursuant to Or. Rev. Stat. § 137.076 is reasonable and does not violate the Fourth Amendment. *State ex rel. Juvenile Department of Multnomah County v. Orozco*, 129 Or. App. 148, 154, 878 P.2d 432 (1994) *(*citing *Brown v.* Texas, 445 U.S. 47 (1979), *rev. denied*, 326 Or. 58, 944 P.2d 947 (1997).

Given the constitutionality of Oregon's DNA collection statute, Plaintiff fails to state a Fourth Amendment claim upon which relief may be granted.

**II.  Civil Rights vs. Habeas Corpus**

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A civil rights action,

5 - ORDER TO DISMISS -

in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea*, 931 F.2d at 574 (quoting *Preiser*, 411 U.S. at 498-99). To the extent Plaintiff seeks an order releasing him from imprisonment, he must seek relief by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because such relief is not available under 42 U.S.C. § 1983, Plaintiff's civil rights complaint fails to state a claim upon which relief may be granted.

### III. Heck v. Humphrey

Finally, to the extent Plaintiff seeks money damages for his alleged unlawful imprisonment, his request is premature. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). In other words, unlawful confinement does not constitute a compensable injury under § 1983 until the confinement has been invalidated. *See Id.* at 487 n.7.

6 - ORDER TO DISMISS -

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief may be granted. Because it is clear the deficiencies of Plaintiff's Complaint cannot be cured by amendment, the dismissal is WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (#4) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of September, 2006.

/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

7 - ORDER TO DISMISS -